MARGARITA OLIVER CUVELJÉ ET AL., Appellants, *v.* REGISTRAR OF PROPERTY OF UTUADO, Respondent.

No. 861. Submitted January 21, 1932.—Decided January 28, 1932.

*M. Marcos Morales* for appellants. The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

A registrar of property recorded a mortgage subject to the curable defect that the instrument did not show the civil status of a mortgagor beyond the fact that she was of age.

The mortgage was executed by an agent and attorney in fact and was accompanied by a power of attorney executed nearly nine years prior to the date of the mortgage. From the power of attorney it appears that the mortgagor in September, 1923, was of age, single, a property owner and a resident of Ponce.

Appellant relies on *Colón v. Registrar,* 22 P.R.R. 510, and section 102, subdivision 31 of the Law of Evidence, which specifies as a disputable presumption: "That a thing once proved to exist continues as long as is usual with things of that nature."

A young woman may remain unmarried for eight or nine years after becoming of age. We are not prepared to say that this is "usual with things of that nature." See *Figueroa v. Registrar,* 31 P.R.R. 360, and authorities cited.

The doctrine of *Colón v. Registrar, supra,* can not with safety be extended to cover a period like that in the instant case of more than eight years intervening between the date of the power of attorney and that of the instrument presented for record.

The ruling appealed from must be affirmed.

Mr. Justice Wolf, concurring.

In my opinion if a property appears to be clearly privative then some way should be found of recording it in the name of the exclusive owner, whether that person is married or single. In other words, if the property concerned according to the registry, before or at the time of the power of attorney belonged exclusively to a certain person, then such property should perhaps be alienable at any time without a showing that the person is then married or unmarried. For privative purposes the capacity of a party harmlessly might be presumed to continue as of the date of the power of attorney.

For after acquired property there should be no presumption of continuance. The registry should import certainty. *Non constat* that a single person may have married before the date of the new acquisition.

If the presumption has force then I agree with the majority opinion.